IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-30,091-04






EX PARTE CLIVE PARKER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 7224-C IN THE 259
TH DISTRICT COURT


FROM JONES COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with
a child and sentenced to twenty years' imprisonment. His appeal was dismissed. Parker v. State, No.
11-95-00003-CR (Tex. App.-Eastland, delivered September 28, 1995, no pet.).

 Applicant contends that the revocation of his mandatory supervision was improper.
Specifically, he contends that despite being indigent, his mandatory supervision was revoked because
he was unable to pay a $150.00 fee for sex offender treatment, a condition of his release.

 Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed, and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court shall resolve those issues as set out
in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it shall order an affidavit from TDCJ-Parole
Division. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall then make findings of fact as to the reasons for the revocation of
Applicant's mandatory supervision. The trial court shall specifically make findings of fact as to
whether Applicant was unable to pay the $150.00 fee and whether he presented evidence at the
revocation hearing that he was unable to pay the fee. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: November 1, 2006

Do not publish